United States District Court
Southern District of Texas
**ENTERED**
January 18, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPHINE GALBEARTH-ROBAIR, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4797 |
| | § | |
| THE UNITED STATES EQUAL OPPORTUNITY | § | |
| COMMISSION, HOUSTON DISTRICT OFFICE, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an Original Complaint in federal court naming the United States Equal Opportunity Commission (EEOC) as Defendant. ECF 1.[1]  The Court recommends that this case be DISMISSED without prejudice.  Because the Court finds this case should not proceed, Plaintiff's Motion for Appointment of Counsel (ECF 14) is DENIED.

Although the EEOC has not appeared in the action, the Court must assess its jurisdiction sua sponte if not raised by the parties.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (". . . federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties.").  The Court may also sua sponte dismiss a claim for failure to state a claim as long as the procedure employed is fair.  *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).  It is fair for the Court to issue this Memorandum and Recommendation sua sponte because Plaintiff will have an opportunity to respond during the the 14-day objection period prior to a final ruling by the District Court. *See Davenport v. Skyline Corp.*, No. CIV.A. 07-0976, 2007 WL 2682150, at *1 (W.D. La. Aug. 17, 2007), report and recommendation adopted, No. CV 07-0976, 2007 WL 9706246 (W.D. La. Sept. 11, 2007)("By

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

raising the issue through this Report and Recommendation, to which Plaintiff will have an opportunity to object, the procedure employed is fair and avoids any due process concerns."); *Bell v. Children's Protective Serv.*, No. CV G-13-104, 2013 WL 12113750, at *3 n.7 (S.D. Tex. Apr. 22, 2013), report and recommendation adopted, No. CV G-13-104, 2013 WL 12113751 (S.D. Tex. May 31, 2013).

Plaintiff alleges that the EEOC, Houston Office, has never conducted a competent investigation or given her a positive result on any of her charges of discrimination against various employers or potential employers.  *See* ECF 1, 3.  Plaintiff does not identify any federal or state law that provides a basis for her claim.  Construing the Original Complaint liberally in favor of the pro se plaintiff, the Court construes Plaintiff's Original Complaint as attempting to assert a claim against the EEOC for negligent performance of its duties[2]  *See* ECF 1.

A plaintiff may only sue the EEOC, a federal agency, if the United States has waived its sovereign immunity for the claim being asserted.  *Wagstaff v. U.S. Dep't of Educ*., 509 F.3d 661, 664 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."); *Newsome v. E.E.O.C.*, No. CIV.A.3:97-CV-3172-G, 1998 WL 792502, at *3 (N.D. Tex. Nov. 5, 1998), aff'd, 182 F.3d 915 (5th Cir. 1999)(sovereign immunity extends to agencies and officers of the United States).  A

---

[2] The Court does not construe the Original Complaint to assert a claim under the Fifth Amendment, however any such claim is barred by sovereign immunity because the "Fifth Amendment does not provide a self-executing waiver of sovereign immunity." *Sammons v. United States*, 860 F.3d 296, 300 (5th Cir. 2017).  Congress has not waived sovereign immunity for a Fifth Amendment claim based on facts like those asserted by Plaintiff.  *See Newsome v. EEOC*, No. Civ. A:3:97-CV-3172, 1998 WL 792502, at * 3 n.3 (N.D. Tex. 1998); *Chichakli v. United States*, Civil Action No. 3:19cv0372, 2019 WL 7403955, at *6 (N.D. Tex. Dec. 18,. 2019).  The Court does not construe the Original Complaint to assert a claim under Title VII.  In any event, Title VII does not create a cause of action against the EEOC as an enforcement agency, nor does Title VII contain a waiver of sovereign immunity.  *Newsome*, 1998 WL 792502, at * 3-4.  The Court also does not construe the Original Complaint as a challenge to final agency action under the Administrative Procedure Act.  But in any event, an APA claim requires exhaustion of administrative remedies and there is no allegation that Plaintiff has done so.

waiver of sovereign immunity must be unequivocally expressed in statutory text and cannot be implied. *Wagstaff*, 509 F.3d at 664.

The Federal Tort Claims Act (FTCA) governs waiver of sovereign immunity for tort claims such as negligence.[3] Plaintiff's claims are not within the scope of the FTCA because they are not for property damage or personal injury and there is no law that would impose liability on a private entity under the same circumstances. In addition, to the extent Plaintiff claims that the EEOC negligently denied her due process, the Fifth Circuit has held that the FTCA does not waive immunity for "Constitutional torts."[4] *Spotts v. United States*, 613 F.3d 559, 565 n.3 (5th Cir. 2010) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)); *see also Chichakli v. United States*, 2019 WL 7403955, at *6 (N.D. Tex. Dec. 18, 2019), adopted, 2020 WL 30374 (N.D. Tex. Jan. 2, 2020). Further, the EEOC's determination of how to investigate and act on charges of discrimination are discretionary functions that are not actionable pursuant to the FTCA. *See Almaguer v. United States*, No. SA-16-CA-1112-FB, 2017 WL 5252572, at *3 (W.D. Tex. May 15, 2017) ("Plaintiff's negligent investigation claim is barred by the discretionary function exception to the FTCA because federal agencies have wide discretion on decisions involving when, where and how to investigate allegations of misconduct.").

Because this Court does not have subject matter jurisdiction over Plaintiff's claims against the EEOC, the Court recommends that Plaintiff's case be dismissed without prejudice.

---

[3] The United States district courts have exclusive jurisdiction over claims brought pursuant to the FTCA ***for injury or loss of property, or personal injury or death*** caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.***
28 U.S.C.A. § 1346(b)(1) (emphasis added).
[4] To the extent Plaintiff intended to invoke the Fourteenth Amendment it does not provide a cause of action against federal agencies or officers. *Newsome v. E.E.O.C.*, No. CIV.A.3:97-CV-3172-G, 1998 WL 792502, at *3 (N.D. Tex. Nov. 5, 1998), aff'd, 182 F.3d 915 (5th Cir. 1999).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 18, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge